IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**PEGGY HOLLIDAY COX, AS EXECUTRIX
OF THE ESTATE OF RAYMOND MOYER COX,**

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:21-00508

**SHERMAN W. BOYD, et al.,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss this case without prejudice.  For the reasons below, that motion is **GRANTED**.

I.

This case arises out of a fatal motor vehicle accident occurring on June 29, 2020.  According to the Complaint, a tanker truck owned by Gas Field Services, LLC and driven by Sherman W. Boyd struck the rear of a Jeep that Raymond Moyer Cox was driving on Interstate 77 in Mercer County, West Virginia.  Cox was killed in the accident.

On September 8, 2021, plaintiff, the Executrix of Cox's Estate, filed the instant lawsuit setting forth claims of negligence against Boyd and vicarious liability as to Gas Field Services.  Plaintiff filed her case in federal court based upon diversity of citizenship.

In their Answer, filed on October 25, 2021, defendants raised certain defenses that the State of West Virginia was solely or partially responsible for the accident because of highway maintenance on Interstate 77 at the time of the accident. Plaintiff wishes to assert negligence claims against the West Virginia Parkways Authority ("WVPA"). However, she is unable to add the WVPA as a defendant in this lawsuit because WVPA would be a diversity-destroying defendant, divesting the court of jurisdiction.

Defendants oppose dismissal without prejudice.

II.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The district court is vested with discretion as to whether to grant a dismissal under Rule 41(a)(2) and its order will not be disturbed absent an abuse of discretion. See Davis v. USX Corporation, 819 F.2d 1270, 1273 (4th Cir. 1987); S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036-37 (4th Cir. 1986). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis, 819 F.2d at 1270. According to our appeals court, "a plaintiff's motion

for voluntary dismissal without prejudice should not be denied absent plain legal prejudice to the defendant." Francis v. Ingles, 1 F. App'x 152, 154 (4th Cir. 2001).

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal. Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis v. USX Group, 819 F.2d 1270, 1275 (4th Cir. 1987).

Gross v. Spies, 1998 WL 8006, *5 (4th Cir. Jan. 13, 1998) (unpublished) (internal citations omitted). A district court's decision to grant a motion for voluntary dismissal without prejudice is reviewed for an abuse of discretion. Ellet Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001).

After considering the foregoing factors, the court finds that the case should be dismissed without prejudice. The first and fourth factors clearly weigh in favor of dismissal without prejudice. This case is in its infancy. With the exception of initial disclosures, no discovery has taken place and defendants

have not filed a motion for summary judgment. See, e.g., Wellin v. Wellin, No. 2:13-cv-1831-DCN, 2014 WL 234216, *11 (D.S.C. Jan. 22, 2014) (finding dismissal without prejudice appropriate where parties had conducted no discovery and the only pending dispositive motion was one for judgment on the pleadings). Indeed, in other cases where the Fourth Circuit has found a district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal, the cases had advanced far beyond the instant case. See, e.g., Howard v. Inova Health Care Services, 302 F. App'x 166, 178-80, 2008 WL 5110970, *11-12 (4th Cir. Dec. 5, 2008) (affirming denial of voluntary motion to dismiss without prejudice where motion was filed two weeks before trial and parties had completed discovery); Francis v. Ingles, 1 F. App'x 152, 154 (4th Cir. 2001) (affirming district court's denial of motion to dismiss without prejudice because the "plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date" and because "the motivation for the motion appeared to be to circumvent" a discovery ruling, which counsel could have avoided "by deposing the witness within the discovery period"); Andes v. Versant Corp., 788 F.2d 1033, 1036-37 (4th Cir. 1986) (district court did not abuse its discretion in denying plaintiff's motion for voluntary dismissal without prejudice where defendants

incurred significant expenses in discovery and filing motion for summary judgment).

The second factor also weighs in favor of granting plaintiff's motion. The court does not agree with defendants' assessment that plaintiff has exhibited a lack of diligence. In her reply, plaintiff discusses the steps she took to proceed against WVPA. See ECF No. 23 at 3 n.2. Shortly after receiving defendants' Answer, on November 15, 2021, plaintiff contacted defendants' counsel in an effort to secure their agreement to stipulate to dismissal of this action without prejudice. See id. Only after those discussions were unsuccessful did plaintiff file the instant motion to dismiss less than a month later. See id.

As to the third factor, i.e., plaintiff's explanation for the need for a voluntary dismissal, the court concludes that her explanation is adequate. She seeks to add WVPA as a defendant, something she would be unable to do in this court. Therefore, dismissal of this lawsuit is appropriate so that plaintiff can proceed against all defendants in one lawsuit. Keeping in mind that "the prospect of a subsequent lawsuit does not constitute prejudice for purposes of Rule 41(a)(2)[,]" Ellett Bros., 275 F.3d at 388-89, the court finds that plaintiff has provided an adequate explanation regarding her motion for voluntary dismissal.

III.

Based on the foregoing, the court finds that defendants will not suffer substantial prejudice if the court grants plaintiff's motion to dismiss this case without prejudice. Accordingly, plaintiff's motion is **GRANTED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of January, 2022.

ENTER:

David A. Faber
Senior United States District Judge